PER CURIAM:
*118 The claimant, Sandra K. Morris, seeks an award of $1,800.00 from the respondent, Division of Highways, for damage to her vehicle. The damage occurred on January 14, 1996, at approximately 10:00 a.m., while the claimant was driving south on Interstate 79 near the Elkview exit. The weather was cold, and snow was blowing across the road. However, the claimant stated that the pavement appeared to be dry. During the drive, the claimant lost control of her vehicle as she traveled across an ice covered bridge. According to the claimant, she was driving fifty miles per hour and her vehicle spun around and struck the bridge. As a result of the accident, the claimant’s vehicle was severely damaged.
Steve Knight, an expressway maintenance supervisor for the respondent, testified that he is responsible for assigning and overseeing maintenance work on the Interstates in and around Charleston, West Virginia. According to Mr. Knight, road maintenance crews were spreading salt on Interstate 79 during the early morning hours of January 14, 1996. This work was in response to a snow storm which passed through the Kanawha County area and created slippery road conditions.
It is a well known fact that weather conditions can change rapidly in West Virginia during the winter months. The rapid fluctuations in temperature can cause moisture to collect on roads and precipitation to change forms which may create slippery road conditions. For these reasons, the Court has adhered to the principle that the State can neither be expected nor required to keep its highway during winter is generally insufficient to charge the State with negligence. Cole vs. Dept. of Highways, 14 Ct. Cl. 350 (1983); Treadway vs. Dept. of Highways, 16 Ct. Cl. 101 (1986).
The evidence in this claim revealed that the respondent was engaged in snow and ice removal activities prior to the claimant’s accident. However, due to the prevalent weather conditions the respondent was unable to keep Interstate 79 entirely clear of ice or snow. The evidence also revealed that the claimant was familiar with the roadway and observed snow blowing across the pavement surface prior to the accident.
Based on the reasons stated above, the Court finds that the claimant has not established any liability on behalf of the respondent. Accordingly, this claim must be denied.
Claim disallowed.