PER CURIAM:
Claimant brought this action for vehicle damage sustained when his vehicle went over an embankment while he was traveling in inclement weather on County Route 1, near Bomont. At this location, County Route I is maintained by respondent in Clay County. The Court is of the opinion to deny this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred on December 24, 1999, at approximately 7:30 to 8:15 a.m. On the morning in question, Mr. McDaniel was traveling on County Route 1 near Bomont in his 1989 four-door Chevrolet Celebrity at a speed of about twenty miles per hour. About three inches of snow and ice had accumulated on the road surface and on the side of the road. Mr. McDaniel frequently travels this portion of road. At this location, County Route 1 is a curvy single lane, asphalt, second priority road. The road does not have lines on the road surface or guardrails. Unbeknownst to Mr. McDaniel, another traveler had a mishap on the road and he was standing at the side of the road. When Mr. McDaniel saw the individual on the side of the road, he attempted to slow the speed of his vehicle. However, as he applied the vehicle’s brakes to avoid the individual, he lost control of his vehicle and it slid off the road and over a thirty-five feet embankment. The vehicle 1 anded on its top in a creek and Mr. McDaniel sustained minor personal injuries. Since Mr. McDaniel was insured under a liability motor vehicle insurance policy only, he was responsible for the sustained loss estimated in the amount of $1,691.00.[1]
The position of respondent was that it did not have notice of the condition of County Route 1 in Clay County. According to Transportation Crew Supervisor I Larry Eugene Hubbard, respondent’s garage in Clay County has five trucks for snow removal and ice control activities. Mr. Hubbard further stated that secondary roads, such as County Route 1 are treated as soon as possible after all of the primary roads have been treated.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). Respondent may not be held liable for the lack of guardrail on a highway. See Id. In claims of this nature, the Court has consistently held that the State cannot be expected or required to remove hazardous conditions from highways during the winter months. Morris vs. Div. of Highways, 21 Ct. Cl. 117 (1996); Treadway vs. Dept. of Highways, 16 Ct. Cl. 101 (1986).
*293 In the present claim, the evidence failed to establish that respondent was negligent in its maintenance of County Route 1 at the time of claimant’s accident described herein. While the Court is of the opinion that claimant’s incident was the result of snow and ice on the road surface of County Route 1, that fact alone is insufficient to establish negligence on the part of respondent. Claimant was familiar with the road and should have been aware of potential conditions on the road during the winter months. Consequently, there is no evidence of negligence on the part of respondent upon which to base an award.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed.

 At the hearing, claimant asserted that the originals of his receipts were destroyed in an unrelated fire. Copies of those receipts were adduced on September 20, 2000, as post hearing exhibits and establish claimant’s loss in the amount of $1,261.16.