PER CURIAM:
Claimant brought this action for vehicle damage sustained when her vehicle wrecked after sliding across a patch of ice while traveling southbound on County Route 73/73 in Fairmont. At this location, County Route 73/73 is maintained by respondent in Marion County. The Court is of the opinion to deny this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred on December 11, 1999, at approximately 9:25 a.m. Claimant was traveling southbound on County Route 73/73 in her 1988 Plymouth Horizon at a speed of about twenty-five miles per hour. She was proceeding from- her residence in Fairmont toward her place of employment at the Meadowbrook Mall. Earlier in the morning, claimant heard on the radio that inclement weather conditions had created hazardous conditions on the roadways. At this location, County Route 73/73 is a first priority, two-lane road with double yellow lines indicating the center of the road surface and white lines indicating the edges of the pavement. The road is twenty-one feet wide. Each lane of travel is about nine and one-hálf feet wide between the lines on the road surface. As claimant drove her vehicle on the wet roads, her vehicle suddenly struck a patch of ice across the road surface. Claimant estimated that the patch of ice extended across the road about five feet. She testified that she believed that the water and ice on the road surface was due to a drainage problem in the area. After striking the patch of ice, her vehicle began to skid and she lost control of her vehicle. Claimant’s vehicle swerved into the other lane of travel and into a nearby property owner’s yard. It struck a gas meter as it struck the side of the property owner’s residence, then it went up a slight hill and finally slid down the other side of the hill to the road surface where it came to rest in the middle of the road. Emergency vehicles were called to the scene. A member of the Marion County Sheriff’s Department investigated the incident and determined that there was no improper driving on the part of claimant. The Marion County Deputy did determine that slippery pavement was the proximate cause of the *295 incident. Claimant sustained minor personal injuries.[1] Since the sustained damage to the vehicle exceeded the value of her vehicle, it was considered “totaled.” In addition, claimant incurred travel expenses as a result of this incident. Her total loss was estimated to be in the amount of $2,128.82.
The position of respondent is that it did not have notice of the patch of ice on County Route 73/73 in Marion County. According to Transportation Crew Chief Harold Swidler, patrols are on duty all night during times of inclement weather. Prior to this incident, respondent had no information regarding the ice patch on the road where claimant had her accident.
Weather conditions in West Virginia can change rapidly during the winter months. The rapid fluctuations in temperature can cause moisture and precipitation to collect on road surfaces, forming ice, which may create slippery road conditions. Thus, in claims of this nature, the Court has held consistently that an isolated patch of ice on a highway is insufficient generally to establish negligence on the part or respondent, without notice and a reasonable opportunity to remove the hazardous condition. Morris vs. Div. of Highways, 21 Ct. Cl. 117 (1996); Treadway vs. Dept. of Highways, 16 Ct. Cl. 101 (1986).
In this claim, the evidence failed to establish that respondent had notice of a patch of ice on the road surface of County Route 73/73 in Marion County. While the Court is sympathetic to the plight of claimant, the fact that her incident was caused by a patch of ice on the surface of County Route 73/73 is insufficient to establish negligence on the part of respondent. Consequently, there is no evidence of negligence on the part of respondent.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed.

 Claimant adduced a medical bill on November 16,2000, as a post-hearing exhibit, which established her medical expenses as a result of this incident in the amount of $240.40.